UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEBRA DEPIETRO, individually and on behalf of all others similarly situated,

                               Plaintiff,

v.

LEVITT LLP; STEVEN L. LEVITT; and KAREN L. WEISS,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.: 23-CV-3940

**JURY TRIAL DEMANDED**

      Plaintiff DEBRA DEPIETRO ("Plaintiff"), by and through her attorneys VALLI KANE & VAGNINI LLP, brings this action for damages and other legal and equitable relief against Defendants LEVITT LLP ("Levitt); STEVEN L. LEVITT ("Mr. Levitt"); and KAREN L. WEISS ("Ms. Weiss") (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"); New York Labor Law ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR"); and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

      1.     This is a putative collective action brought by Plaintiff challenging acts committed by Defendants against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

      2.     Defendants employed Plaintiff and all other persons similarly situated as non-exempt legal support staff employees (collectively with Plaintiff, "Non-Exempt Employees"), who provided roles Defendants such as paralegal and legal assistant work.

      3.     First, pursuant to 29 U.S.C. § 216(b), on behalf of herself and a collective of persons who are and were employed by Defendants as Non-Exempt Employees during the past three (3) years through the final date of the disposition of this action who were not paid the statutorily

required rate of one and a half times their hourly rate for all hours worked in excess of 40 per workweek and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law; (ii) unpaid overtime; (iii) liquidated damages; (iv) interest; (v) attorneys' fees and costs; and (vi) such other and further relief as this Court finds necessary and proper.

4. Second, Plaintiff individually brings this action pursuant to the NYLL and NYCRR for Defendants' overtime wages, straight-time wages, and wage statement violations and is entitled to recover (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law; (ii) unpaid overtime; (iii) liquidated damages; (iv) penalties; (v) interest; (vi) attorneys' fees and costs; and (viii) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (ii) under 29 U.S.C. §§ 201 *et seq.*

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq.*, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that Defendants maintain facilities, conduct business, and reside in this district.

7. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of

operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

8. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, the NYLL, and the NYCRR and is domiciled in this judicial district.

9. Upon information and belief, Defendant Levitt is a privately owned business organized under the laws of the state of New York and has its principal place of business at 129 Front Street, Mineola, New York 11501.

10. Defendant Levitt has at all relevant times been an "employer" covered by the FLSA, the NYLL, and the NYCRR.

11. Upon information and belief, the amount of qualifying annual volume of business for Defendant Levitt exceeds $500,000.00 and thus subjects Defendant Levitt to the FLSA.

12. Defendant Mr. Levitt is the Owner, and/or Principal of Defendant Levitt.

13. Defendant Mr. Levitt transacts business in New York and within this judicial district by employing Plaintiff and those similarly situated.

14. Defendant Mr. Levitt had the power to hire and fire Plaintiff.

15. Defendant Mr. Levitt had the power to set Plaintiff's schedule, pay rate, and pay basis.

16. Defendant Mr. Levitt had the power to control the terms and conditions of Plaintiff's employment.

17. Defendant Mr. Levitt has at all relevant times been an "employer" covered by the FLSA, NYLL, and the NYCRR.

18. Defendant Ms. Weiss is the Owner, and/or Principal of Defendant Levitt.

19. Defendant Ms. Weiss transacts business in New York and within this judicial district by employing Plaintiff and those similarly situated.

20. Defendant Ms. Weiss had the power to hire and fire Plaintiff.

21. Defendant Ms. Weiss had the power to set Plaintiff's schedule, pay rate, and pay basis.

22. Defendant Ms. Weiss had the power to control the terms and conditions of Plaintiff's employment.

23. Defendant Ms. Weiss has at all relevant times been an "employer" covered by the FLSA, NYLL, and the NYCRR.

24. Defendants jointly employed Plaintiff and those similarly situated by employing or acting in the interest of employer towards Plaintiff directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation and by suffering her to work.

## STATEMENT OF FACTS

25. In or around July 2015, Plaintiff began her employment for Defendants as a Legal Assistant.

26. In September 2018, Plaintiff resigned from her employment with Defendants and was subsequently rehired in November 2018

27. Plaintiff then remained employed as a Legal Assistant until her employment with Defendants ended on or around February 2023.

28. Plaintiff's job duties included reviewing and responding to emails, talking to clients, and drafting documents related to Defendants' legal practice under the supervision of Defendants Mr. Levitt, Ms. Weiss, and Defendants' other attorneys.

29. Plaintiff and all other Non-Exempt Employees were classified as overtime non-exempt.

30. Plaintiff's promised weekly pay was for 37.5 hours of work per week. She worked in the office Monday through Friday from 9:00 am to 5:30 pm.

31. Plaintiff also occasionally worked in the office from 9:30 am to 6:00 pm.

32. Plaintiff and the Non-Exempt employees were paid overtime for time worked while they were in the office.

33. Throughout Plaintiff's employment, Defendants implemented a written policy whereby "[w]hen out of the office, all employees are required to monitor their emails and respond to any emails on a periodic basis." This policy included reviewing and responding to text messages and adherence multiple times a day, on the weekends, and while on leave. For example, the day after Plaintiff's double mastectomy, Defendant Mr. Levitt texted Plaintiff to discuss matters related to work.

34. Plaintiff and the Non-Exempt employees, however, were not paid anything for their work while they were out of the office.

35. Defendant also had a practice of conducting case meetings and staff meetings with the Non-Exempt Employees meetings during the lunch hour. These meetings often lasted between an hour to an hour and a half. The Non-Exempt Employees, however, were only paid for 30 minutes of their one-hour lunch. Thus, they were not paid for all their time spent attending the meetings

36. Plaintiff approximates that she spent three and a half hours per week, which includes weekends, working after or before her shift while out of the office for which she was not paid anything for.

37. For example, for the pay period of December 28, 2020, to January 10, 2021, Plaintiff was only paid for four hours of overtime when she worked approximately 11 hours of overtime. Thus, for this pay period, she was not paid the overtime premium for all hours worked.

38. Accordingly, Plaintiff was not paid her straight rate for all hours worked in violation of the NYLL. Further, Plaintiff and the Non-Exempt employees were not paid their overtime rate for all hours worked in excess of 40 in violation of the NYLL, the NYCRR, and the FLSA.

39. As a result of the above-mention wage and hour violations, throughout her employment for Defendants, Plaintiff was not issued the proper wage statements as required by NYLL § 195 as they failed to contain her correct rates of pay and all the hours she worked.

40. Defendants' violations of the FLSA, NYLL, and NYCRR were willful as their written policy acknowledges their requirement to pay overtime hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following collective:

> All non-exempt persons employed by Defendants during the past three years through the final date of disposition of this action, who are or were required to work in excess of 40 hours per workweek without compensation at the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per workweek.

42. At all relevant times, Plaintiff was similarly situated to all such individuals in the Collective[1] because, while employed by Defendants, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of 40 hours

---

[1] Hereinafter referred to as the "FLSA Plaintiffs".

per workweek and were subject to Defendants' policies and practices of willfully failing to pay them at the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per workweek.

43. Defendants are and have been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half times their hourly rate for all hours worked in excess of 40 per workweek, yet willfully choose not to.

44. The FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

45. The number of FLSA Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

46. All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendants' failure to pay statutorily required rate of one and a half times the FLSA Plaintiffs' hourly rate for all hours worked in excess of 40 per workweek are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

47. Plaintiff will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

48. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

49. Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

50. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as the disposition of the collective's interests without their knowledge or contribution.

51. The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### The Fair Labor Standards Act, 29 U.S.C. § 207
### Made by Plaintiff on Behalf of All FLSA Plaintiffs

52. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

53. Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of 40 hours per workweek.

54. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime wages for all hours worked over 40 per workweek.

55. Plaintiff and the FLSA Plaintiffs were entitled to overtime payment for all hours worked in excess of 40 per workweek.

56. Defendants' conduct was willful and lasted for the duration of the relevant time period.

57. Defendants' conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**The New York Labor Law and the New York Codes, Rules, and Regulations § 142-3.2
(Failure to Pay Overtime Wages)**

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Throughout the relevant time period, Plaintiff worked in excess of 40 hours per workweek.

60. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutorily required overtime wages for all hours worked over 40 per workweek.

61. Plaintiff was entitled to overtime payment for all hours worked in excess of 40 per workweek.

62. Defendants' conduct was willful and lasted for the duration of the relevant time period.

63. Defendants' conduct was in violation of the New York Labor Law and New York Codes, Rules, and Regulations § 142-3.2

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**The New York Labor Law § 198(3)
(Failure to Pay Straight-Time Wages)**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Plaintiff was entitled to payment of her straight-time wages for all her hours worked

66. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff all earned and due straight-time wages.

67. Defendants' conduct was willful and lasted for the duration of the relevant time period.

68. Defendants' conduct was in violation of the New York Labor Law § 198(3).

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 191
### (Failure to Timely Pay Wages)

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants promised to pay Plaintiff all earned and due wages bi-weekly.

71. Plaintiff was entitled to payment of her all earned and due wages on a bi-weekly basis.

72. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff all earned and due wages bi-weekly.

73. Defendants' conduct was willful and lasted for the duration of the relevant time period.

74. Defendants' conduct was in violation of the New York Labor Law § 191.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 195
### (Failure to Provide Proper Wage Statements)

251. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

252. Pursuant to the NYLL, employers are required to furnish employees with every payment of wages a statement that includes, among other things, accurate wages and the accurate number of hours worked.

253. Throughout the relevant time period, Defendants knowingly failed to provide Plaintiff with the required wage statements pursuant to NYLL.

254. Defendants' conduct was willful and lasted for the duration of the relevant time period.

255. Defendants' conduct was in violation of New York Labor Law § 195.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective Plaintiffs demand judgment against Defendants as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B. Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective counsel;

C. Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

D. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed Collective members under the FLSA;

E. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

F.  A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law; the New York Code Rules & Regulations; and the Wage Theft Prevention Act.

G.  All damages which Plaintiff and all Collective Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, and penalties;

H.  An award to Plaintiff and all Collective Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

I.  An award to Plaintiff and all Collective Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J.  An award to Plaintiff and all Collective Plaintiffs for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof, and penalties;

K.  Awarding Plaintiff and all Collective Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

L.  Pre-judgment and post-judgment interest, as provided by law; and

M.  Granting Plaintiff and all Collective Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:  May 26, 2023
             Garden City, New York

Respectfully submitted,

/s/ *Alexander M. White*

Alexander M. White
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180
F: (516) 706-0248

*Attorneys for Plaintiff*

13