# *Valli Kane & Vagnini*

### EMPLOYEE RIGHTS ATTORNEYS

---

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

November 10, 2023

**VIA ECF**
The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: DePietro v. Levitt LLP, et al. — Case No.: 2:23-CV-003940 (GRB)(AYS)**

Dear Judge Brown:

As Your Honor is aware, this office represents Plaintiff Debra DePietro ("Plaintiff") in the above-captioned matter. We write jointly with Defendants Levitt LLP, Steven L. Levitt, and Karen L. Weiss (collectively, "Defendants") (together with Plaintiff, the "Parties") to respectfully request that the Court approve the Parties' settlement agreement resolving Plaintiff's Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), claims, which is attached hereto as Exhibit 1 ("Ex. 1").

## Plaintiff's Wage and Hour Allegations[1]

In or around July 2015, Plaintiff began her employment with Defendants as a salaried non-exempt legal assistant who was scheduled to work 37.5 hours per week in Defendants' office. Her employment for Defendants ended in February 2023.

Plaintiff alleges that throughout her employment she was required to work "off-the-clock" without pay, including overtime wages, by: (i) reviewing and responding to emails and text messages while she was out of the office; and (ii) by attending lunch hour staff meetings. As a result, she asserts that she was deprived of approximately 30 minutes of wages per day, equating to an hour of unpaid overtime wages per week.

---

[1] This section was prepared by Plaintiff's counsel.

**Defendants' Defenses**[2]

Defendnats deny that Plaintiff was required to work "off-the-clock" without pay at any time during her employment with Defendants. Defendants deny that Plaintiff was required to review and respond to emails and/or text messages while out of the office. Defendants also deny that Plaintiff was required to attend any unpaid "lunch hour staff meetings." Defendants contend that Plaintiff was appropriately paid for all time worked during her employment with Defendants. To the extent that Plaintiff performed any "off-the-clock" work – which she did not – Plaintiff failed to apprise Defendants of same, thereby depriving Defendants of the ability to compensate her for same.

## ARGUMENT

### I.    Legal Standard.

This Circuit mandates that the settlement of FLSA claims must be "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015); *see Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). Courts consider the following factors when determining whether a settlement is "fair and reasonable":

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lopez v. Nights of Cabiria, LLC.*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

### II.    The Proposed Settlement Agreement Is Fair and Reasonable.

Using Plaintiff's estimation of being deprived of 30 minutes of pay per day for every day worked, her back pay under the FLSA is $3,478.46. Accordingly, when including liquidated damages in the amount of $3,478.46, Plaintiff's total FLSA damages are $6,956.92. Plaintiff also estimates that she is entitled to an additional $2,468.72 in unpaid overtime wages, $41,630.26 in straight-time wages, and $44,098.98 in liquidated damages pursuant to the New York Labor Law ("NYLL") for a total of $88,197.96.[3]

Thus, the proposed settlement agreement is both fair and reasonable under the FLSA in that Defendant has agreed to compensate Plaintiff a total sum of $40,000 from which, after $14,000 for attorneys' fees have been deducted, Plaintiff shall receive $26,000.00. *See* Ex. 1. This equates

---

[2] This section was prepared by Defendants' counsel.
[3] The FLSA has a three-year statute of limitation whereas the NYLL has a six-year statute of limitaitons.

2

to over 100% of what Plaintiff believes she could have recovered under the FLSA at trial even after attorneys' fees. *See Del Rio v. 257 SG Pizza Corp.*, No. 19-CV-3426, 2023 WL 4583652, at *1 (S.D.N.Y. July 18, 2023) ("Of the total settlement amount, Plaintiff would receive . . . approximately 16% of his owed back wages, not including any liquidated damages or penalties. Courts in this district have approved settlement amounts within this range.") (collecting cases). The total settlement also equates to 84% of Plaintiff's back pay under both the FLSA and the NYLL ($47,577.44). After attorneys' fees, the settlement sum Plaintiff is to receive equates to 55% of her total back pay under the FLSA and the NYLL. *See id.*

Notably, Plaintiff is not entitled to any back pay under the FLSA and only $27,475.97 in back pay under the NYLL when her "off-the-clock" time is reduced by 10 minutes to 20 minutes per day. Therefore, when using 20 minutes of off-the-clock work per day instead of 30, the settlement equates to over 100% of her NYLL back pay and 95% of her NYLL back pay after attorneys' fees.

Second, Defendant adamantly denies Plaintiff's allegations that it failed to properly pay her overtime pay for all hours worked over 40 and that any "off-the-clock" work was *de minimis*. *See Reich v. New York City Transit Auth.*, 45 F.3d 646, 652 (2d Cir. 1995) (*de minimis* overtime is not compensable). Moreover, Defendant has asserted a faithless servant counter-claim against Plaintiff seeking the disgorgement of seven years of wages or over $500,000.00. If Defendant's defenses and counter-claim are found to be credible, Plaintiff would not be entitled to any damages and she would face a significant judgment against her.[4] Thus, the settlement alleviates these risks. It also alleviates the need for the Parties to continue with costly discovery, motion practice, and trial.

Third, the Parties' counsel are experienced litigators who primarily practice employment law and have litigated hundreds of FLSA actions. *See, e.g.*, Valli Kane & Vagnini LLP's Firm Resume, attached hereto as Exhibit 2. They were able to reach a settlement on behalf of the Plaintiff after lengthy private negotiations. Therefore, the settlement agreement is the result of arm's length negotiation without the possibility of fraud or collusion. Accordingly, the proposed settlement agreement is both fair and reasonable.

### III. The Attorneys' Fees Pursuant to the Settlement Are Reasonable.[5]

Under the terms of the proposed settlement agreement, Valli Kane & Vagnini LLP ("VKV") will receive $14,000.00 from the settlement fund as attorneys' fees or 35%. Plaintiff does not dispute the 35% fee. Indeed, this District has historically limited attorneys' fees in the amount of 33.33% of the settlement fund. In *Fisher v. SD Prot. Inc.*, however, the Second Circuit held that "[t]here is no explicit limit on attorneys' fees in FLSA actions and district courts should

---

[4] Plaintiff vehemently denies the faithless servant counterclaim and maintains that it was asserted in retaliation for filing the original complaint. Defendants vehemently maintain that the counterclaim was (and remains) asserted in good faith.

[5] Defendants take no position with respect to opposing counsel's application for attorneys' fees.

not, in effect and practice, implement such a limit." 948 F.3d 593, 603 (2d Cir. 2020). This settlement is also on an individual basis and is not a collective/class settlement, which results in the 35% fee being significantly lower in monetary value. Furthermore, VKV has been approved several times for a higher 40% contingency fee in FLSA litigation. *See Anderson v. Apria Healthcare Corp.*, 1:23-CV-00383 (KAM)(PK) (E.D.N.Y. 2023) (approving attorneys' fees representing 40% of the settlement fund for Valli Kane & Vagnini LLP); *Martinez v. Hana Albany, Inc.*, 1:22-CV-01066 (N.D.N.Y 2023) (same); *Katz v. Equinox Holdings, Inc.*, 1:20-CV-09856 (S.D.N.Y. 2023) (same); *LaBranche v. K-Tech Management Corp.*, 1:21-cv-02315 (E.D.N.Y. 2021) (same); *Sanchez v. Some Things Fishy LTD*, 3:20-CV-01127 (D. Conn. 2020) (same); *Fenton v. Criterion Worldwide*, No. 1:18-CV-10224 (S.D.N.Y. 2020) (same); *Marcusse v. Citizens Arts Club, Inc.*, No. 1:19-CV-08379 (S.D.N.Y. 2020) (same); *Richardson v. Vontronix, Inc.*, No. 3:19-CV-19339 (D.N.J. 2020) (same).

VKV's 35% fee is also supported by a "lodestar crosscheck." *See Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548, 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("When applying the percentage method to an award for attorney's fees, courts in this Circuit follow the trend of applying the lodestar method as a 'cross-check' to ensure the reasonableness of the award. . . . Courts commonly award lodestar multipliers between two and six") (citation omitted). Set forth below are VKV's summarized billing records:

| Name | Title | Hourly Rate | Hours Worked | Total Fee |
| --- | --- | --- | --- | --- |
| James A. Vagnini | Partner | $525.00 | .33 | $173.25 |
| Alexander M. White | Associate | $300.00 | 63.45 | $19,035.00 |
| Luz Arce | Paralegal | $150.00 | .96 | $153.60 |
| | | | | |
| **Total** | | | **64.74** | **$19,361.85** |

*See* VKV's Billing Report, attached hereto as Exhibit 3; *Anderson*, 1:23-CV-00383 (approving Alexander M. White's hourly rate of $300.00 and Luz Arce's hourly rate of $160.00 in 2023); *Martinez*, 1:22-CV-01066 (N.D.N.Y 2023) (approving Alexander M. White's hourly rate of $300.00, and Luz Arce's hourly rate of $160.00 in 2023); *Katz*, 1:20-CV-09856 (approving James A. Vagnini's hourly rate of $525.00, Alexander M. White's hourly rate of $300.00, and Luz Arce's hourly rate of $160.00 in 2023); *LaBranche*, 1:21-CV-02315 (approving Alexander M. White's hourly rate of $275.00 and Luz Arce's hourly rate of $150.00); *Sanchez*, 3:20-CV-01127 (approving Alexander M. White's hourly rate of $275.00 in 2020); *Marcusse*, 1:19-CV-08379 (approving Alexander M. White's hourly rate of $250.00 in 2019-2020); *see also Richardson*, No. 3:19-CV-19339 (approving Alexander M. White's hourly rate of $250.00 in 2019).

Based on VKV's billing records, the 35% fee is less than the lodestar, which is held to be reasonable. *See Perez v. Postgraduate Ctr. for Mental Health*, No. 19-CV-931 (EK) (PK), 2022 WL 1063864, at *2 (E.D.N.Y. Feb. 7, 2022), *report and recommendation adopted,* No. 19-CV-931(EK)(PK), 2022 WL 1062316 (E.D.N.Y. Apr. 7, 2022) ("Even using an hourly rate of $450 and reducing the total hours billed by 15% to account for any inefficiencies or improprieties, the lodestar would be $95,483.475, which is still more than the requested attorneys' fees. The undersigned therefore finds that the attorneys' fees requested are reasonable."); *Flores v. Anjost*

*Corp.*, No. 11-CV-1531 (AT), 2014 WL 321831, at *9 (S.D.N.Y. Jan. 29, 2014) ("Applying the lodestar method as a 'crosscheck,' the Court finds that the fee that Class Counsel seeks is reasonable and does not represent an exorbitant multiplier-indeed, there is no multiplier.") (citations omitted). Thus, VKV's 35% fee is fair and reasonable and supported by a "lodestar crosscheck" because their recovery is less than their lodestar.

## **CONCLUSION**

Wherefore, the parties respectfully request that the Court approve the settlement agreement and attorneys' fees as fair and reasonable.

We thank the Court for its time and consideration.

                                      Respectfully Submitted,

                                      */s/ Alexander M. White*
                                      Alexander M. White, Esq.

cc:    counsel of record (*via* ECF)